JENNINGS & FULTON, LTD.
ADAM R. FULTON, Esq., Nevada Bar No. 11572
Email: afulton@jfnvlaw.com
6465 West Sahara Avenue, Suite 103
Las Vegas, Nevada 89146
Telephone (702) 979-3565
Facsimile (702) 362-2060

*Specially Appearing to contest service and jurisdiction for Defendants: Stop the Steal, Inc. and Roger J. Stone, Jr.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA STATE DEMOCRATIC PARTY<br><br>                    Plaintiffs,<br><br>  vs.<br><br>  NEVADA REPUBLICAN PARTY, et al.,<br><br><br><br>                    Defendants. | Case No.: 2:16-cv-02514-RFB-NJK<br><br><br>**<u>MOTION TO DISMISS FOR:</u>**<br><br>**1.  <u>Improper Service;</u>**<br>**2.  <u>Lack of Personal Jurisdiction</u>** |

Now come Stop the Steal, incorrectly sued as Stop the Steal, Inc., and Roger J. Stone, by and through counsel, and hereby move this Court to dismiss this action as against them due to the lack of proper service over both, and to the court lacking personal jurisdiction over Mr. Stone. In support of this motion, the following is submitted.

DECLARATION OF ROGER J. STONE

1. I am a resident of the State of Florida, and am a defendant in this action. I have never in the past had, and today, do not have, any business in the State

1

of Nevada.  My only connection to Nevada has been as a tourist and occasional visitor.

2.  I am not employed by Stop the Steal nor am I an officer of it.  I do happen to be a volunteer for it, as are many other people.  In no sense do I run Stop the Steal, but I do assist in managing one of its projects.  I did not establish Stop the Steal.  I do not control its bank account or in any other way manage its affairs.

3.  I do not have a mailbox in California, and most particularly at the UPS Store referred to by Mr. Jensen in his declaration below.  I do not receive mail there, and have NEVER received mail there. I have NEVER given anyone a California address, either for mail or for any other purpose.

4.  With regard to the exit polling Stop the Steal will be conducting on election day next week, I have no intention whatsoever of violating any law or regulation, nor do I have any intention of targeting minority-majority precincts or of contacting individual voters based on their race or color. Indeed, it is my intention that all voters in a given precinct, or at least as many as possible, be contacted. However, since our election day effort is national, the amount of volunteers in any one state, including Nevada, will be minimal.

5.  I have read press reports that the Democrats in numerous states have sued me.  After hearing of the lawsuit filed in Pennsylvania, on Monday of this week (four days ago) I issued a press statement concerning it.  The first I heard of the Nevada case was yesterday morning, Thursday, when my attorney called me.


I hereby declare under the penalty of perjury of the laws of the United States and of Florida that the foregoing is true and correct of my own personal knowledge, and that if called upon, I would and could so competently testify.

JENNINGS & FULTON, LTD.
6405 W. Sahara Ave., Suite 103
Las Vegas, NV 89146
702.979.3565

Executed at Miami, Florida on November 4, 2016

/s/

ROGER J. STONE

DECLARATION OF PAUL ROLF JENSEN

1. I am an attorney at law, duly licensed to practice before the Supreme Court of California since 1991, and various other federal courts including (since 1999) the United States Supreme Court. My application for admission pro hac vice has been made this morning.

2. I drafted the papers that created the entity called Stop the Steal, which was erroneously sued herein as Stop the Steal, Inc. I established it under section 527 of the Internal Revenue Code. It has no office, and its only officer is Brad Boeck. Its address is a UPS store near my own office, which store has mail boxes. Roger Stone is not an officer of Stop the Steal nor does he control it. I am the only person who collects the mail for Stop the Steal, and I have never received any mail at that (or any other) location addressed to Roger Stone. Attached hereto as Exhibit 1 is the latest filing Stop the Steal has made with the Internal Revenue Service, which is available publicly on the IRS' website. This document was prepared under my direction.

3. On Monday of this week (four days ago) I became aware of a lawsuit filed in Pennsylvania by the Pennsylvania Democratic Party against Stop the Steal and Mr. Stone, and others. I had no knowledge of this case in Nevada until yesterday morning, when at approximately 9:45 a.m. I went to the UPS Store to retrieve the mail for Stop the Steal. When I did, the clerk handed me a stack of documents he said had been dropped off the day before. These loose documents consisted ONLY of the Summons and

JENNINGS & FULTON, LTD.
6465 W. Sahara Ave., Suite 103
Las Vegas, NV 89146
702.979.3565

1   Complaint in this case, and NOTHING ELSE in this case. (The same is

2   true of the Ohio case. Additional documents pertaining to the Arizona

3   case had been left. There was NOTHING concerning the Pennsylvania

4   case.

5   I hereby declare under the penalty of perjury of the laws of the United States

6   and of Florida that the foregoing is true and correct of my own personal

7   knowledge, and that if called upon, I would and could so competently testify.

8   Executed at Costa Mesa, California on November 4, 2016

9

10  /s/

11  PAUL ROLF JENSEN

12

13  I.   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

14      MOTION TO DISMISS

15

16  A. NEITHER DEFENDANT ROGER J. STONE, JR. NOR DEFENDANT STOP

17  THE STEAL HAVE BEEN PROPERLY SERVED

18  The Federal Rules of Civil Procedure allow a Court to dismiss an action for

19

20  "insufficiency of service of process." FED. R. CIV. P. 12(b)(5). The law is well

21  settled that once a defendant challenges the sufficiency of service on them, the

22  plaintiff bears the burden of establishing the validity of service as governed by

23

24  FED. R. CIV. P. 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

25  Under this rule, proper service on an individual can be effectuated by (A) delivering

26  a copy of the summons and of the complaint to the individual personally; (B)

27  leaving a copy of each at the individual's dwelling or usual place of abode with

28

JENNINGS & FULTON, LTD.
6465 W. Sahara Ave., Suite 103
Las Vegas, NV 89146
702.979.3565

**JENNINGS & FULTON, LTD.**
6405 W. Sahara Ave., Suite 103
Las Vegas, NV 89146
702.979.3565

someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FRCP 4(e)(2).

Under the same Rule, a proper service on a corporation partnership, or association can be obtained through same means as service on an individual, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; FRCP4(h)(1)(B). Service by any means not proscribed by FED. R. CIV. P. 4 is not considered proper, and put simply, "[a] federal court does not have jurisdiction over a defendant unless the defendant has  been served properly." *Direct Mail Specialists, Inc. v. Éclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

As evidenced by the above declarations, proper service has not been effectuated against either of the moving defendants, and thus this action must be dismissed as to each.  Plaintiff made a single attempt to serve Roger J. Stone, Jr. and  Stop the Steal by delivering two copies of the summons and complaint to the post office box used by Stop the Steal for its incoming mail, in *California*.  This quite clearly does not constitute proper service under the Federal Rules of Civil Procedure.  Mr. Stone was neither personally served, nor were any attempts at service made to his home address.  The California mailbox to which Plaintiff

5

**JENNINGS & FULTON, LTD.**
6465 W. Sahara Ave., Suite 103
Las Vegas, NV 89146
702.979.3565

delivered the copies has no affiliation with Mr. Stone, nor has it ever. Stop the Steal has one officer, and that is not Mr. Stone, but a Brad Boeck, who also has not been personally served.   Plaintiff cannot be permitted to claim service on these Defendants was proper when it has done no more than drop papers off at a commercial mailbox facility in California, at which only Stop the Steal receives mail, as this  method is not considered proper under FED. R. CIV. P. 4.  Thus, under FED. R. CIV. P. 12(b)(5), this the complaint should be dismissed as to Defendants Roger J. Stone, Jr. and Stop the Steal.

B.  <u>DEFENDANT ROGER J. STONE, JR. IS NOT SUBJECT TO PERSONAL JURISDICTION IN NEVADA</u>

In analyzing a motion to dismiss for lack of personal jurisdiction, the Plaintiff bears the burden of establishing that the Defendant is subject to personal jurisdiction in Nevada. *Freeman v. Second Judicial Dist. Ct.*, 1 P.3d 963, 965 (Nev. 2000). To verify that the exercise of personal jurisdiction is proper, Plaintiff must demonstrate that Defendant established "minimum contacts" in Nevada. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Baker v. Eighth Judicial Dist. Ct.*, 999 P.2d 1020, 1023 (Nev. 2000). "Specific personal jurisdiction over a defendant may be established only where the cause of action arises from the defendant's contacts with the forum." *Trump v. Eighth Judicial Dist. Ct.,* 857 P.2d 740, 748 (Nev. 1993).

The Ninth Circuit uses a three-part test to determine if the exercise of specific personal jurisdiction over a defendant is proper:

(A) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

(B) The claim must arise from the defendant's forum-related activities;

(C) The exercise of jurisdiction must be reasonable.

*See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995). The Ninth Circuit has further held that the "purposeful availment" requirement is satisfied "if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents." *Cybersell, Inc. v. Cybersell*, Inc., 130 F.3d 414, 417 (9th Cir. 1997).

As evidenced by the above declaration of Roger J. Stone Jr., said Defendant has absolutely no contacts with the State of Nevada so as to confer personal jurisdiction over him, and Plaintiff has not plead otherwise. Plaintiff's complaint addresses personal jurisdiction with the single broad statement that "Defendants purposefully directed their activities toward Nevada, this Complaint relates to Defendants Nevada-related activities, and jurisdiction here is reasonable." (Complaint, paragraph 13.) Plaintiff cannot meet its burden as to Defendant Mr. Stone by pleading only this single conclusory allegation. Plaintiff has not established that Mr. Stone has *any* contact with the state of Nevada, let alone that he

has purposefully availed himself of the privileges of conducting activities in Nevada, nor does Plaintiff allege that it claims arise from any activities. Plaintiff cannot so allege, thereby rendering any amendment attempts futile, as Defendant Stone is a resident of Florida, with no business in Nevada and no contact with the state save for tourism. Plaintiff's pleadings attempt to lump Defendant Stone in with Defendant Stop the Steal, however Defendant Stone lacks any management or control over the entity, serves the entity only in a volunteer capacity. Thus, Plaintiff has failed to establish a proper basis for conferring personal jurisdiction over Defendant Stone, and this action must be dismissed as to him.

## II. <u>CONCLUSION</u>

Based on the foregoing, the complaint in this matter should be dismissed as Defendants Roger J. Stone Jr. and Stop the Steal due to lack of proper service, and further to Defendant Stone due to lack of personal jurisdiction.

Respectfully Submitted,

DATED this 4th day of November, 2016

JENNINGS & FULTON, LTD.

BY: /s/ Adam R. Fulton
ADAM R. FULTON, ESQ., Bar No. 11572
afulton@jfnvlaw.com
6465 W. Sahara Ave., Suite 103
Las Vegas, NV  89146
Telephone:  702.979.3565
Facsimile:   702.362.2060

Attorney for Defendants:  Stop the Steal, Inc. and Roger J. Stone, Jr.

JENNINGS & FULTON, LTD.
6465 W. Sahara Ave., Suite 103
Las Vegas, NV 89146
702.979.3565

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of JENNINGS & FULTON, LTD., and pursuant to FRCP 5, I caused a true and correct copy of the foregoing **MOTION TO DISMISS** to be submitted electronically for service with the CM/ECF system of the United States District Court in the District of Nevada on the 4th day of November, 2016, to the following:

Marc E. Elias, Esq.
Perkins Coie LLP
700 13th Street NW, Suite 600
Washingotn, D.C. 20005

Michael Gottlieb, Esq.
Boies, Schiller & Flexner LLP
5301 Wisconsin Ave., NW
Washington, DC 20015

Dawn Smalls, Esq.
Boies, Schiller & Flexner, LLP
575 Lexington Ave
New York, NY 10022

Bradley S. Schrager, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 East Russell Rd
Las Vegas, NV 89120

*Attorneys for Plaintiff*

/s/ Vicki Bierstedt
an employee of Jennings & Fulton, Ltd.

9