Bradley S. Schrager (Nevada Bar # 10217)
Don Springmeyer (Nevada Bar # 1021)
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 East Russell Road
Las Vegas, NV 89120
(702) 341-5200
Fax #: (702) 341-5300
BSchrager@wrslawyers.com

Michael J. Gottlieb
*Admitted Pro Hac Vice*
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave, N.W.
Washington, DC  20015
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com

*Attorneys for Plaintiff Nevada State Democratic Party*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA STATE DEMOCRATIC PARTY, <br><br> Plaintiff, <br><br> v. <br><br><br> NEVADA REPUBLICAN PARTY, DONALD J. TRUMP FOR PRESIDENT, INC., ROGER J. STONE, JR., and STOP THE STEAL INC., <br><br> Defendants. | Case No. 2:16-cv-02514-RFB-NJK <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS ROGER J. STONE, JR., AND STOP THE STEAL INC.'S MOTION TO DISMISS** |

## SUMMARY OF ARGUMENT

Plaintiff Nevada State Democratic Party submits this Reply Memorandum of Law in response to Defendants Roger J. Stone, Jr., and Stop the Steal Inc.'s (for the purposes of this brief only, "Defendants") Motion to Dismiss, filed November 4, 2016 (Doc. No. 50). Defendants seek to dismiss this action for insufficient service of process, and Defendant Stone seeks dismissal for lack of personal jurisdiction. Both arguments are without merit.

First, this Court has specific personal jurisdiction over both of the Stone Defendants under well established Supreme Court and Ninth Circuit law. Nevada's long-arm statute extends personal jurisdiction in this state to the limits of constitutional due process. Because Defendants have targeted their unlawful conduct at this state, and can reasonably expect to be haled into court in this state, they have sufficient minimum contacts to establish personal jurisdiction consistent with due process for the purposes of these claims.

Second, with respect to service of process, it is black letter law that formal service under Rule 4 of the Federal Rules of Civil Procedure is not necessary in order for Plaintiff to obtain relief under Rule 65 of the same. Plaintiffs seek a temporary restraining order against defendants restraining their unlawful conduct, and pursuant to Rule 65, only "notice," not service of process, is required for the granting of a preliminary injunction. Indeed, federal courts are empowered to grant a temporary restraining order without any notice whatsoever. There is no question that Defendants have actual notice of these proceedings. Consistent with this Court's Order of November 3, 2016 (Doc. No. 47), Plaintiff has served a copy of that Order on the Stone Defendants through their attorney, along with a copy of Plaintiff's original Motion.

2

Even if formal service were required, which it is not, Plaintiff properly served Defendant Stop the Steal Inc. at its business address on November 2, 2016. Stone is the Founder of Stop the Steal, and his declaration concedes that at bare minimum he is its agent for purposes of its planned "exit polling" activities on November 8. Plaintiff also served Defendant Roger J. Stone, Jr., an agent of Stop the Steal Inc., at Stop the Steal Inc.'s business address on November 2, 2016, and have made extensive attempts to serve Stone by other means, including at his home.

Both Defendants are subject to the personal jurisdiction of this Court and have actual notice of these proceedings. This Court should therefore deny the Stone Defendants' motion to dismiss.

## ARGUMENT

### I.    THIS COURT HAS SPECIFIC PERSONAL JURISDICTION OVER BOTH DEFENDANTS

This Court has specific personal jurisdiction over both Defendants. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc). Nevada's long-arm statute extends personal jurisdiction in Nevada's courts to the limits of constitutional due process. *See* Nev. Rev. Stat. § 14.065(1) ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States."). For specific personal jurisdiction over a non-resident defendant to be proper, the defendant must have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

In the Ninth Circuit, courts "analyze specific [personal] jurisdiction according to a three-prong test:

> (1)     The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2)     the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3)     the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc.*, 433 F.3d at 1205-06.  Defendant Stop the Steal Inc. makes no attempt to contest specific personal jurisdiction, but Defendant Roger J. Stone, Jr., claims that he lacks sufficient minimum contacts with the State of Nevada for jurisdiction to be proper here.  Specifically, Defendant Stone argues that he "has no contact with [Nevada] save for tourism."  Motion to Dismiss at 8.  Stone also argues, using language borrowed from case law analyzing personal jurisdiction in contract claims, *see Yahoo! Inc.*, 433 F.3d at 1206, that has not "purposefully availed himself of the privileges of conducting activities in Nevada." *Id.*

The appropriate test in this case is not the contract-claim test, but the tort-claim test, which asks whether a nonresident defendant has "purposefully direct[ed] his activities at the forum state," and applies "an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions occurred within the forum." *Yahoo! Inc.*, 433 F.3d at 1206. Accordingly, courts in the Ninth Circuit require that a Plaintiff allege that a Defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* "The 'brunt' of the harm need not be suffered in the forum state"; moreover, "it does not matter that even more harm might have been suffered in another state." *Id.* at 1207.

4

Defendant Stone has directed his voter intimidation and exit polling activities expressly at the State of Nevada.  As described in the Complaint, Stone is recruiting Trump Supporters through Stop the Steal, whose website actively signs up Trump supporters to "volunteer" to fight "voter fraud."  Compl. ¶¶ 34-38.  To combat imagined voter fraud, Stone is recruiting volunteers in key battleground states such as Nevada to engage in sham "exit polling" designed to discourage and intimidate individuals in majority-minority communities from voting.  *Id*; *see* Expert Report and Declaration of Mark S. Mellman at 7 ("Exit polls are conducted to project the outcome of an election as accurately as possible, not to prevent fraud."); *id.* at 1 ("Given Mr. Stone's stated political biases and the methodology he has employed—i.e., targeting Democratic and minority precincts—his exit polling strategy appears only designed to intimidate voters in an attempt to influence the election and suppress the vote.").

Stone has purposefully directed his exit polling activities at Nevada. As of November 4, 2016, the Stop the Steal website, https://stopthesteal.org/states/nevada/, stated that Stop the Steal had signed up 61 "Registered" exit polling volunteers for the State of Nevada. Declaration of Michael J. Gottlieb, Esq. ("Gottlieb Declaration") at Ex. 1 (Stop the Steal Nevada Website). Stone has himself stated that he has decided to send Stop the Steal exit polling volunteers to Clark County, Nevada.  *See* Gottlieb Decl. at Ex. 2 (October 25, 2016 Infowars Video Interview of Roger J. Stone); Ex. 3 (NBC News Article, October 27, 2016).

## II.    SERVICE OF PROCESS ON DEFENDANTS WAS ADEQUATE FOR PURPOSES OF A TEMPORARY RESTRAINING ORDER UNDER RULE 65

Formal service under Fed. R. Civ. P. 4 is not necessary in order for Plaintiff to obtain a temporary restraining order under Rule 65.  Given that Plaintiffs seek a temporary restraining order against defendants, Rule 65 applies, and only "notice" rather than formal service of process is required for the granting of a preliminary injunction.  Indeed, federal courts are empowered to

grant a temporary restraining order without any notice whatsoever under Fed. R. Civ. P. 65(b)(1). There is no question that Defendants have actual notice of these proceedings. Consistent with this Court's Order of November 3, 2016 (Doc. No. 47), Plaintiff has served a copy of that Order on the Stone Defendants through their attorney, along with a copy of Plaintiff's original Motion.

With respect to formal service, Defendants have not seriously contested that Defendant Stop the Steal was properly served. The only argument advanced in Defendants' brief is that the designated custodian of records for Stop the Steal, Mr. Brad Boeck, was not personally served at his residence. That, of course, is irrelevant. As the designated custodian of Records for Stop the Steal, Mr. Boeck may be served *not* at his personal residence, but instead at the location designated for serving Stop the Steal, the organization for which he serves. And, as demonstrated by Stop the Steal's Form 8871, that address is 3843 S. Bristol Street Suite 312, Santa Ana, CA, 92704. *See* Declaration of Dawn L. Smalls at Ex. 3 (Doc. 37-1).

Defendants dispute that service was proper on Defendant Stone personally at the same California address. Mr. Stone is an agent of Stop the Steal, and therefore he may be reached pursuant to any order against Stop the Steal under Fed. R. Civ. P. 65(d)(2). There is also no question that Mr. Stone has actual knowledge of these proceedings. He is represented by able counsel, and has sent out messages via his Twitter account regarding the arguments advanced in this very litigation – indeed, Mr. Stone has been publicly commenting on the arguments made regarding service in this litigation. Gottlieb Decl., Ex. 4 (Roger J. Stone, Jr. tweets); Ex. 5 (Roger J. Stone, Jr. tweet saying "Nev Dem lawyers LIE in court perjuring themselves as 2 whether I have been legally served. Defrauding the Court #sanctions @stopthesteal").

Rule 65 of the Federal Rules of Civil Procedure permits preliminary injunctive relief upon "notice" to the opposing party. Fed. R. Civ. P. 65(a)(1).  Rule 65 permits a court to issue a temporary restraining order against an opposing party without any notice at all, under certain circumstances. Fed. R. Civ. P. 65(b)(1). In any event, both Defendants have actual notice of these proceedings, and accordingly this Court has full authority under the Federal Rules of Civil Procedure to issue temporary injunctive relief against them. Consistent with this Court's scheduling Order, (Doc. No. 47), Counsel for Plaintiff served that Order by email, along with copy of Plaintiff's Emergency Motion for temporary injunctive relief, on Counsel for Defendants on the morning of November 4, 2016. Counsel for Defendants acknowledged receipt of the Order by return email. Defendants have actual notice of these proceedings, and the Court may properly restrain or preliminarily enjoin their conduct.

## III.    CONCLUSION

The Court should deny Defendants Roger J. Stone, Jr., and Stop the Steal Inc.'s motion to dismiss.

Respectfully submitted,

November 4, 2016                                        /s/    Michael J. Gottlieb

Michael J. Gottlieb
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave, N.W.
Washington, DC  20015
Tel: (202) 237-2727
Fax: (202) 237-6131
mgottlieb@bsfllp.com

Bradley S. Schrager (Nevada Bar # 10217)
Don Springmeyer (Nevada Bar # 1021)
**WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP**
3556 East Russell Road
Las Vegas, NV 89120

(702) 341-5200
Fax #: (702) 341-5300
BSchrager@wrslawyers.com

Marc E. Elias
Bruce V. Spiva
***Admitted Pro Hac Vice***
Perkins Coie LLP
700 13th Street, Suite 600
Washington, DC 20005
Tel: (202) 434-1609
Fax: (202) 654-9126
melias@perkinscoie.com

Dawn L. Smalls
***Admitted Pro Hac Vice***
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Tel: (202) 754-4216
Fax: (212) 446-2350
dsmalls@bsfllp.com

*Attorneys for Plaintiff*