Bradley S. Schrager (Nevada Bar # 10217)
Don Springmeyer (Nevada Bar # 1021)
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 East Russell Road
Las Vegas, NV 89120
(702) 341-5200
Fax #: (702) 341-5300
BSchrager@wrslawyers.com
DSpringmeyer@wrslawyer.com
*Attorneys for Plaintiff Nevada State Democratic Party*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEVADA

NEVADA STATE DEMOCRATIC PARTY,

                Plaintiff,

   v.

NEVADA REPUBLICAN PARTY, DONALD J. TRUMP FOR PRESIDENT, INC., ROGER J. STONE, JR., and STOP THE STEAL INC.,

                Defendants.

Case No. 2:16-cv-02514-RFB-NJK

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

      Plaintiff Nevada State Democratic Party submits this Reply Memorandum of Law in response to Defendants Stop the Steal and Roger J. Stone, Jr.'s (for purposes of this brief, "Defendants'") brief in opposition to Plaintiff's Emergency Motion, filed November 6, 2016 (Doc. No. 59). Plaintiffs will discuss the majority of Defendants' arguments, as needed, at the Hearing scheduled for November 7, 2016, and limit this Reply to a short discussion of the evidentiary issues Defendants raise, and the consequences of Defendants' revelation yesterday

1

that it will be notifying its volunteers to comply with a set of directives that in many ways parallel the injunction sought by Plaintiffs.

## ARGUMENT

I. **DEFENDANTS CONCEDE THEY POSSESS THE EVIDENCE THAT PLAINTIFF WOULD NEED TO PROVE ITS CLAIMS, AND THEIR FAILURE TO TIMELY PRODUCE THAT EVIDENCE SHOULD PERMIT AN ADVERSE INFERENCE AGAINST DEFENDANTS**

Plaintiff has offered substantial probative evidence to support the conclusion that Defendants plan to engage in an Election Day "exit polling" operation that will have the effect of intimidating voters, and that, at best, serves no legitimate purpose and, at worst, is a pretext for semi-organized voter intimidation. *See*, e.g., Declaration of Mark S. Mellman at 9 (Doc. No. 13). Defendants continue to call upon their volunteers to action to target "[l]iberal enclaves"— including in Nevada—that they claim will be "flood[ed]" with "illegals" by "the Clintons," who allegedly are trying to "steal" the election. November 7, 2016 Declaration of Bradley S. Schrager ("Schrager Decl."). at Ex. 1 (home page of Stop the Steal Website as of Nov. 7, 2016). Plaintiff has also presented substantial evidence that supports the conclusion that Defendant Stone is intimately involved in planning, coordinating, and managing the exit polling activities of Stop the Steal. *See,* e.g., Declaration of Michael J. Gottlieb, Esq. at Ex. 7 (Doc. No. 55) (interview in which Stone discusses "Stop the Steal" rally at the Republican National Convention).

In response to Plaintiff's evidentiary presentation, Defendants claim that Plaintiff lacks certain evidence that would be highly relevant to—and possibly dispositive of—its claims. For example, Defendants fault Plaintiff for having no inside information pertaining to "specific actions that exit pollers would take, things they would say, or other facts that would allow the Court to evaluate whether such actions or statements could or would constitute intimidation."

Resp. at 5-6.  Defendants further chide Plaintiff for not being able to specify "precisely what Stop the Steal plans to do, where it plans to do it, how such conduct will intimidate voters, or even if the exit polling will ultimately occur." *Id.* at 9.  Defendants go as far to concede that "this Court cannot evaluate" Plaintiff's claims without such information.  *Id.*

Of course, Plaintiff does not have that information: Defendants do. And, despite this Court's request at the Hearing on November 4, 2016, and despite a renewed request to Defendants' counsel on November 6, Defendant has yet to produce any planning or training materials to the Court or to Plaintiff—other than the last-minute updates to the Stop the Steal website that went live yesterday evening, and that allegedly are being emailed to Stop the Steal's volunteers today. *See* Schrager Decl. at Ex. 1 (front page of Stop the Steal Website as of Nov. 7, 2016).  Accordingly, Plaintiff and this Court have no way of knowing how Stop the Steal volunteers have been trained, and what they have been told, before the sudden changes to Stop the Steal's website yesterday.  Stop the Steal documents also would illuminate the connections among Roger Stone, Stop the Steal, and even the campaign of Donald Trump for President. Because the missing materials are admittedly relevant to Plaintiff's claims, and because Defendants failed to produce them to Plaintiff and the Court in a timely fashion after being asked to do so, the Court should draw an adverse inference against Defendant that the non-produced materials support Plaintiff's claims.

Although Defendant has modified the instructions that it gives to poll watchers on its website—a significant, albeit last-minute change made in direct response to this lawsuit— Plaintiff has no way of knowing whether that message will be conveyed to everyone who has visited the site to sign up as a "poll watcher."  For example, Defendants' declarations state that volunteers will be "offered" and "invited" to a training call Monday, but do not state that the call

is mandatory. Plaintiff has no way of knowing whether Defendants' training materials are adequate, or whether the instructions given to volunteers match the instructions that have appeared on the stopthesteal.org website since this afternoon. Indeed, despite the tone of the declarations, Defendant Stone has been continuing to publicly proclaim defiance of the claims that Plaintiff and other similar Plaintiffs across the country has raised. *See, e.g.*, Schrager Decl. Ex. 2 (Nov. 6, 2016 Roger Stone tweet stating, "#StopTheSteal has now defeated the Clinton legal thugs in Arizona and Ohio. We will prevail in Nev, NC, Pa and Mich."). In short, the Court should not take Defendants' word for their claim that they have suddenly cleaned up their operations—particularly in light of the lack of information from Defendants about what they have told their volunteers in the past, and exactly what they will be doing on Election Day.

## II. THE COURT SHOULD ENTER THE REVISED PROPOSED ORDER THAT PLAINTIFF SUBMITS WITH THIS MOTION.

Plaintiff acknowledges that Defendants have modified the Stop the Steal website since the November 4 hearing, as shown in Exhibit 1 to the attached Schrager Declaration. In light of these changes, and for the purposes of helping the Court issue the most tailored and efficacious relief possible, Plaintiff has refashioned a proposed order granting relief against Defendants Stop the Steal and Roger J. Stone, Jr., and is filing it along with this Reply.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

The Court should grant Plaintiff's motion for a temporary restraining order and/or preliminary injunction.

Respectfully submitted,

November 7, 2016

/s/  *Bradley S. Schrager*
Bradley S. Schrager (Nevada Bar # 10217)
Don Springmeyer (Nevada Bar # 1021)
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 East Russell Road
Las Vegas, NV 89120
(702) 341-5200
BSchrager@wrslawyers.com

Marc E. Elias
Bruce V. Spiva
*Admitted Pro Hac Vice*
Perkins Coie LLP
700 13th Street, Suite 600
Washington, DC 20005
Tel: (202) 434-1609
melias@perkinscoie.com

Michael J. Gottlieb
**BOIES, SCHILLER & FLEXNER LLP**
5301 Wisconsin Ave, N.W.
Washington, DC  20015
Tel: (202) 237-2727
mgottlieb@bsfllp.com

Dawn L. Smalls
*Admitted Pro Hac Vice*
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue
New York, NY 10022
Tel: (202) 754-4216
dsmalls@bsfllp.com
*Attorneys for Plaintiff*